IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS A. THIMONS,          )
        Plaintiff,          )
                            )
    v.                      )        Civil Action No. 04-1770
                            )
PNC BANK, N.A.,             )
        Defendant.          )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Court Judge.                        July 17, 2006

This is an action in employment discrimination. Plaintiff, Thomas A. Thimons, alleges that defendant, PNC Bank, discriminated against him based on his disability and age in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq. Plaintiff seeks only monetary relief in his complaint.

Defendant has filed a motion for summary judgment [doc. no. 12] arguing that plaintiff has failed to present a prima facia case of disability or age discrimination. Alternatively, defendant contends that plaintiff's claims cannot succeed because defendant has articulated a legitimate, non-discriminatory reason for plaintiff's termination and plaintiff has failed to produce evidence in response. Plaintiff counters that he has proven the

elements of a prima facia case for both his disability and age discrimination claims. Plaintiff also argues that there is a genuine dispute of material fact as to whether defendant's proffered legitimate non-discriminatory reason was a pretext for discrimination.

For the reasons that follow, we will grant defendant's motion for summary judgment.

I.   FACTUAL BACKGROUND

All material facts discussed herein are undisputed unless otherwise indicated.   Other facts will be discussed in the memorandum in context.

Mr. Thimons was hired by PNC Bank in 1974 as a bank teller. At the time of his discharge, he was a Senior Business Advisor. From 2000 to 2002, plaintiff was a top performer in his commercial segment.   In late 2002 into early 2003, plaintiff began to experience difficulties in his personal life. Plaintiff's direct supervisor, Charles Rhodes, was aware of these issues and regularly spoke with plaintiff about them.   In early 2003, in plaintiff's presence and with plaintiff's consent,  Mr. Rhodes called PNC's Employee Assistance Program and helped plaintiff schedule an appointment with a counselor.   On June 23, 2003, plaintiff spoke with Kristen Nestor, a human relations

2

representative.   During their conversation, plaintiff told Ms. Nestor that he needed to see a psychiatrist, at which point, in plaintiff's presence and with plaintiff's consent, Ms. Nestor connected plaintiff with PNC's Employee Assistance Program.   On June 24, 2003, plaintiff entered Gateway Rehabilitation Center to obtain treatment for alcohol addiction.

On July 14, 2003 plaintiff met with Mr. Rhodes and Dana Calhoun, a human resources manager, to discuss plaintiff's intent to return to work.   At that meeting, Mr. Rhodes raised problems with plaintiff's work performance.[1]   However, because plaintiff stated that he could not return to work, no further discussion of plaintiff's performance problems took place at that meeting.   Two days later, plaintiff was admitted to another Gateway program for continued treatment for alcohol addiction.   After being released to return to work, plaintiff met with Mr. Rhodes, Ms. Calhoun, and Ms. Nestor on August 20, 2003.   The purpose of that meeting was to continue to discuss the performance problems that had been discovered while plaintiff was absent from work.

---

[1]   Although plaintiff denies defendant's allegations regarding how and what defendant discovered regarding his work performance while he was seeking treatment, and the significance thereof, this factual dispute is immaterial because plaintiff acknowledges that performance deficiencies came to light before and during his leave of absence, and that meetings and an investigation regarding poor performance took place thereafter.   Plaintiff was fired for lying during that investigation, not for poor work performance.

3

Defendant contends that during this meeting, and others, plaintiff gave inconsistent, implausible, and unsubstantiated explanations regarding his job performance, leading defendant to believe that plaintiff was lying to them.    In particular, defendant contends that plaintiff lied about why he had not been approving overdrafts, including that his cell phone had been lost and/or was broken, that he was not required to approve overdrafts, that he did not have the phone number he needed to approve the overdrafts, that he called into the office after hours to approve the overdrafts, and that he had approved overdrafts on his computer and through his administrative assistant. According to defendant, independent investigation of plaintiff's statements proved them to be false.    Because dishonesty disqualifies an employee for coverage under PNC Bank's fidelity bond, plaintiff was terminated.

Plaintiff denies that he ever lied to his employer. In particular plaintiff disputes that he made many of the statements attributed to him, such as that his phone was lost or that he attempted to approve overdrafts by calling into the office after hours.    Plaintiff claims that, in fact, his administrative assistant called him once regarding an overdraft issue, which plaintiff resolved through her, and that he

4

"provided proof" that his cell phone was broken during the investigation.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Similarly, summary judgment is improper so long as the dispute over the material facts is genuine.  Id. In determining whether the dispute is genuine, the court's

5

function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 248-49.  Under these standards, the non-moving party must do more than show there is "some metaphysical doubt" as to the material facts.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Although inferences must be drawn in favor of the non-moving party, "an inference based upon speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990).  Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)); see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit").

The non-moving party has the burden of producing evidence to establish each element of her claim.  Celotex, 477 U.S. at 322-23. The non-movant must show more than "[t]he mere existence

of a scintilla of evidence" for elements on which she bears the burden of production. <u>Anderson</u>, 477 U.S. at 252.  Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  <u>Matsushita Elec.</u>, 475 U.S. at 587 (citations omitted).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law because no reasonable jury could return a verdict in her favor.

It is on this standard that the court has reviewed defendant's motion and plaintiff's response thereto.

III.  <u>DISCUSSION</u>

Defendant claims that its motion for summary judgment should be granted because plaintiff has not, and cannot, establish a <u>prima facia</u> case under either the ADA or the ADEA.  Defendant also argues that, even were plaintiff able to establish a <u>prima facia</u> case, he could not ultimately prevail because he has not rebutted defendant's proffered legitimate non-discriminatory reason for firing him.  Plaintiff contends that he can satisfy

7

the elements of the prima facia case and can ultimately prevail because defendant's proffered legitimate non-discriminatory reason for firing him is a pretext for disability and/or age discrimination.

Whether plaintiff can ultimately prevail on his discrimination claims turns on whether plaintiff has offered evidence to rebut defendant's legitimate non-discriminatory reason for his termination. Therefore, we need only address that dispositive issue. Defendant contends that the sole reason plaintiff was fired was because he lied to PNC representatives during their investigation into his poor job performance. According to defendant, had plaintiff been honest in the course of the inquiry, he would not have been terminated. Plaintiff claims that this reason was fabricated so that defendant could fire him due to his disability and age.

Once a defendant has articulated a legitimate non-discriminatory reason for its employment action, to defeat summary judgment a plaintiff must produce evidence from which a fact finder could either disbelieve the employer's articulated reason, or believe that a discriminatory reason was more likely than not the cause of the employment action. Salley v. Circuit City Stores, Inc., 160 F.3d 977, 981 (3d Cir. 1998) (citing Olsen v. General Electric Astrospace, 101 F.3d 947, 951 (3d Cir.

1996)). To discredit the employer's articulated reason, plaintiff may point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons such that a reasonable fact finder could rationally find them 'unworthy of credence'". Simpson v. Kay Jewelers, 142 F.3d 639, 644 (3d Cir. 1998).

Defendant has produced evidence supporting its legitimate non-discriminatory reason for firing plaintiff. Defendant produced affidavit testimony, corroborated by contemporaneous notes, indicating that defendant believed that plaintiff lied regarding specific facts during PNC Bank's investigation into his performance problems. Defendant has summarized several of the investigations undertaken to determine the truth of plaintiff's statements. In response, plaintiff has produced a contradictory affidavit in which he denies making several of the allegedly false statements attributed to him by defendant's affidavits. Plaintiff also asserts that he gave consistent explanations during the investigation and never lied to his employer.

Although it may appear that this creates a genuine dispute regarding a material fact, when examined in the proper legal context, it is clear that plaintiff has failed to meet his burden to defeat summary judgment. As previously set forth, because defendant has articulated a legitimate non-discriminatory reason

for plaintiff's discharge, plaintiff must "produc[e] evidence from which a fact finder could reasonably either disbelieve the employer's articulated reasons or believe that a discriminatory reason was more likely than not a cause of the employer's action."  The only evidence produced by plaintiff is his affidavit.  In it, he denies making several of the false statements he is accused of making and contends that his explanations were consistent and truthful.  This is not enough. As the Supreme Court has put it, "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint...with conclusory allegations of an affidavit."  Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990).

Notably, plaintiff's affidavit is without any corroboration, whether by documentary evidence or witness testimony. Admittedly, many of the issues addressed in the affidavit are not particularly conducive to independent corroboration, such as whether plaintiff's explanations were consistent during the investigation or whether plaintiff ever lied.  Even so, that is not to say that corroboration is not possible, or that, at this stage in the litigation, plaintiff's conclusory affidavit statements are sufficient evidence to defeat summary judgment.

10

Notably, even where corroboration should be readily available, it is tellingly absent. For instance, plaintiff claims, twice, in his affidavit that he consistently told defendant that his cell phone was broken, not lost, and gave defendant evidence of that fact. Such a claim could have been, and would be expected to have been, easily supported by a copy of whatever evidence plaintiff gave defendant at the time, or some other documentation. None is attached to the affidavit. To point out just one more example, although there are numerous others, plaintiff provides no evidence corroborating his position that he was not required to process the overdrafts under PNC's own policies. Again, such a statement, if true, could easily be supported by co-worker testimony, an employee manual, or other documentary records regarding overdraft procedures and practices. No such evidence is produced.

Plaintiff has failed to provide appropriate and sufficient evidence indicating that defendant's proffered reason is false, unworthy of belief, or otherwise a pretext for either disability or age discrimination. His conclusory allegations that he never lied during the investigation into his performance problems and his unsubstantiated statements regarding the alleged truth of specific matters cannot defeat summary judgment.

11

IV.   CONCLUSION

     For the foregoing reasons, summary judgment will be entered

in defendant's favor.   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS A. THIMONS,          )
        Plaintiff,          )
                            )
    v.                      )     Civil Action No. 04-1770
                            )
PNC BANK, N.A.,             )
        Defendant.          )

### ORDER

AND NOW this 17th day of July, 2006, IT IS HEREBY ORDERED that defendant's motion for summary judgment [doc. no. 12] is GRANTED.

Judgment shall be entered in defendant's favor as to both Counts I and II of the complaint.

The Clerk of Court is directed to mark this matter as closed.

BY THE COURT,

_____, J.

cc:  All Counsel of Record

13